IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERVIN SINGLETON,

    Plaintiff,

v.

JOHN WOOTEN; MATTHEW
BROOKS, JASON CLARKE,
and TIMOTHY GARDNER,

    Defendants.

CIVIL ACTION NO.: CV206-200

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed an action pursuant to 42 U.S.C. §1983. On March 1, 2007, Defendants John Wooten, Matthew Brooks, Jason Clarke, and Timothy Gardner ("Defendants") filed a Motion for Summary Judgment. (Doc. No. 22). The Clerk of Court mailed a Notice to Plaintiff, advising him that Defendants had filed a Motion for Summary Judgment and that a response was to be filed by March 24, 2007. (Doc. No. 24). This Notice further advised Plaintiff that:

1. If you do not timely respond to this motion for summary judgment, the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendants' Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff asserts that at the Glynn County Detention Center on August 12, 2006, Defendants attacked him because he refused to take a shower. (Doc. No. 1, p. 5). Plaintiff contends that Defendant Wooten shocked him with an electric shield, and that Defendants Clarke and Gardner beat him while Defendant Brooks held him down. (Id.). Plaintiff avers that Defendants subsequently forced him into the shower and "scrubbed [him] with a brush like an animal." (Id.).

In their Motion for Summary Judgment, Defendants contend that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Doc. No. 22, p. 1). Defendants assert that Plaintiff did not properly grieve his complaint according to the Glynn County Detention Center's grievance procedure, and that they are therefore entitled to summary judgment. (Id. at 5-6).

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F.3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants allege that Plaintiff did not exhaust his available administrative remedies. Section 1997e(a) of the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987.

Thus, even where the prisoner is seeking relief not provided for under the grievance procedure, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Defendants contend that Plaintiff failed to exhaust the Glynn County Detention Center's administrative remedy procedure, which is described in its inmate handbook and which provides for the formal grievance of a complaint, followed by an appeal to the Undersheriff. (Doc. No. 22, p. 2, Exh. A). Defendants' records show that Plaintiff did not file any such formal grievance. The only documentation Plaintiff has made with GCDC appears to be an appeal of prison disciplinary charges which were brought against him as a result of the incident in question. (Doc. No. 22, Exh. B, Exh. C). This, however, is not what is required by the GCDC's grievance procedure.

Plaintiff has offered no evidence to refute Defendants' claims. As Defendants note, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2386, 165 L. Ed. 2d 368 (2006). In sum, Plaintiff has failed to establish the existence of a genuine issue of material fact in response to Defendants' assertion that he failed to exhaust his administrative remedies, and thus dismissal of his complaint is appropriate.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment (Doc. No. 22) be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing his complaint.

**SO REPORTED AND RECOMMENDED**, this 7th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE